Bob **YATES** and wife, Mary A. Yates, Plaintiffs-Appellees,

v.

**STATE FARM FIRE AND CASUALTY COMPANY, Defendant-Appellant.**

No. 27579.

United States Court of Appeals Fifth Circuit.

Oct. 27, 1969.

William A. Gillen, Fowler, White, Collins, Gillen, Humkey & Trenam, Tampa, Fla., Kaleel, Kaleel & Kaleel, William Charles Kaleel, St. Petersburg, Fla., for defendant-appellant.

J. A. McClain, McClain, Turbiville & Heller, Tampa, Fla., Summerlin & Connor, Roy C. Summerlin, Winter Haven, Fla., for plaintiffs-appellees.

Before TUTTLE, WISDOM, and BELL, Circuit Judges.

PER CURIAM:

The plaintiffs prevailed in a suit on a fire insurance policy. Their home and its contents were totally destroyed by fire. The defendant insurance company undertook to establish two affirmative defenses: One, that the fire originated by act, design or procurement on the part of plaintiffs; two, that plaintiffs were guilty of false swearing as to the value of the contents of the house.

The district court concluded that defendant failed to establish the affirmative defenses. We agree. The affirmative defenses presented fact questions. Voluminous evidence was introduced and the issues were vigorously contested. The record amply supports the conclusion reached by the district court in a non-jury trial that the affirmative defenses were not established and there the matter ends under the clearly erroneous rule. Rule 52(a), Federal Rules of Civil Procedure.

As to the variance between the amount of the claim for contents loss and the actual award, the record supports a view that the variance did not rise above the level of good faith, albeit perhaps exaggerated, value judgments. This falls short of establishing false swearing as an affirmative defense. Cf. Badger Mutual Insurance Company v. Morgan, 5 Cir., 1963, 313 F.2d 783.

Defendant also assigns as error the award of the court covering the contents loss which award was substantially less than the claimed loss and the evidence of loss. The contention is that there was no evidence authorizing the specific amount of the award and that there was nothing in the court's findings to show how the court arrived at such an amount. Under the particular circumstances here, the court was not required to specify the precise method, item by item or otherwise, by which the calculation of damages was made. Cf. Robey v. Sun Record Company, 5 Cir., 1957, 242 F.2d 684, 690. The evidence was that the contents were worth a great deal more than the award. The court may have awarded less because of doubt as to the valuation placed on some of the items such as clothing, furniture, heirlooms, an agricultural research file, or the like. There was room for differences in value opinions. In any event there was no evidence indicating that a sum less than the award was due.

Affirmed.